IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

ELIZABETH GILBERT ) Case No. 05-27929-TPA
      Debtor, ) Chapter 13

## *MEMORANDUM ORDER*

The Chapter 13 Program in the United States Bankruptcy Court for the Western District of Pennsylvania requires the cooperation and compliance of all participants including the Chapter 13 Trustee, counsel, the debtors, creditors and the Court. One aspect of paramount importance to that "cooperation" is the need for counsel for the debtor(s) to attend conciliation conferences that are scheduled to facilitate the resolution of pending issues in a case so as to allow for expeditious plan confirmation. Absence of counsel at these conferences places an unnecessary burden on the system, the Chapter 13 Trustee, counsel, debtors, creditors and the Court.

On numerous, regular occasions this Court has explained in open court the importance of attendance by counsel at the respective conciliation conferences and other hearings scheduled during the Chapter 13 process and its policy in the event counsel fails to attend either of the foregoing without a reasonable excuse. When the Court is advised that counsel has missed a prior conciliation conference or other hearing without an appropriate explanation, the Court uses the opportunity to caution counsel that such conduct, if repeated, will result in a monetary sanction in the amount of $100. The Court realizes that the very nature of the practice of law exposes counsel to the possibility of missing a conference or hearing simply through inadvertence without appropriate

explanation. As such, this Court has allowed counsel a "second chance" in such situations and deferred the imposition of any sanction. in the form of a monetary sanction in the amount of $100.00.

In the within case, Allan G. Gallimore, Esq. failed to attend the Conciliation Conference/Confirmation hearing scheduled for December 13, 2005. Attorney Gallimore was provided the opportunity to explain his absence at the hearing held this date on the Debtor's contested Chapter 13 plan which hearing may have been avoided had he attended the conciliation conference. Attorney Gallimore submitted that he unilaterally determined there was no need for a conciliation conference based upon the nature of the matters subject to resolution. Such explanation is neither reasonable nor valid. Counsel for the debtor does not have the unilateral discretion to determine the necessity for attending a scheduled conciliation conference/confirmation hearing. If counsel believes a specific hearing or conference is not necessary he/she can ask the Court for a continuance or for cancellation, notify the Trustee of counsel's inability to attend due to previously unforeseen exigent circumstances, or, obtain the consent of the Chapter 13 Trustee for a waiver or continuance. As a matter of simple professional courtesy, at the very least, some form of the communication with the Trustee in advance of the conference/hearing, is required. None of these options were exercised by Atty. Gallimore in this case.

On July 22, 2005, Atty. Gallimore also failed to attend a hearing before this Court in the matter of *Richard and Lalisa Fulwylie, Case No. 05-24975*. When confronted by this Court at the August 3, 2005 "rule to show cause" hearing as to the reason for his failure to attend, Atty. Gallimore was unable to provide a reasonable excuse for his non-attendance. At that time the Court advised Atty. Gallimore that if he failed to attend any future conciliation conferences or other

2

hearings without just cause, he would be subject to sanctions through the imposition of a $100 fine. At today's hearing Atty. Gallimore acknowledged the foregoing events.

*AND NOW THEREFORE*, this *22nd* day of *December, 2005*, Attorney Allan G. Gallimore having failed to attend, without excuse, a previous hearing before this Court as recently as July 22, 2005, and now, having failed to attend, without excuse, the Conciliation Conference/Confirmation hearing held on December 13, 2005, it is hereby **ORDERED, ADJUDGED** and **DECREED** that monetary sanctions in the amount of $100.00 are imposed against him. Attorney Gallimore shall make payment in full to the Clerk, U.S. Bankruptcy Court on or before *January 2, 2006*. The unexcused failure to timely make payment will result in the further imposition of sanctions, including the prohibition from practicing law in this Court until payment is made.

_____
Thomas P. Agresti
United States Bankruptcy Judge

case administrator to serve:

    Allan G. Gallimore, Esq.
    Debtor
    Chapter 13 Trustee

3